UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 1:93-cr-08-02
                                                    (Related Civil Case No. 1:01-cv-411)

JOSE SANTOS MADRIGAL,

                                                    HON. GORDON J. QUIST

    Defendant.
_____/

## MEMORANDUM ORDER

This Court has before it Jose Santos Madrigal's ("Defendant" or "Petitioner") Motion to Correct Judgment (Criminal Docket No. 285). In his motion, Petitioner objects to this Court's March 9, 2005, Order and asks this Court, once again, to reduce Petitioner's Sentence. For the reasons stated below, Petitioner's Motion to Correct Judgment is denied.

**I.     Procedural History**

On November 8, 1996, Petitioner was convicted by a jury of one count of conspiracy to possess with intent to distribute and distribution of marijuana in violation of 21 U.S.C. §§ 841 and 846. On February 11, 1997, this Court sentenced Petitioner to 135 months incarceration. Petitioner appealed the sentence to the United States Court of Appeals for the Sixth Circuit, which reversed the sentence, in part, based on the Court's computation of drug quantities attributable to the Petitioner. *See United States v. Madrigal*, No. 97-1199, 145 F.3d 1334, 1998 WL 279373 (6th Cir. May 21, 1998). On August 11, 1998, this Court resentenced Petitioner to 120 months incarceration.[1]

---

[1] Although the offense level for 169 kg. of marijuana was level 26 under the United States Sentencing Guideline § 2D1.1(c)(7)(1998), the statute, 21 U.S.C. § 841(b)(1)(B), required the Court to sentence Petitioner to a minimum of 10 years because he had a prior conviction for a felony drug offense and the government filed for an enhancement pursuant to 21 U.S.C § 851(a).

On June 28, 2001, Petitioner filed his original Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. On July 30, 2001, the Court dismissed the motion with prejudice. On February 18, 2005, seven years after he was resentenced, Petitioner filed a Motion to Correct Plain Error (Criminal Docket No. 279) claiming that his "sentence was not deliberated by the jury that convicted him, but rather by the sole discretion of the Judge" and that his sentence exceeded that required by the Sentencing Guidelines. (Mot. to Correct Plain Error at 1.) In this Motion to Correct Plain Error, Petitioner did not cite any governing statute, rule, or case law that mandated that the Court reduce his sentence.

On March 9, 2005, this Court entered an Order that recharacterized Petitioner's Motion to Correct Plain Error as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C § 2255. Pursuant to 28 U.S.C. § 1631, this Court transferred Petitioner's Motion to the Sixth Circuit as it was deemed to be a second or successive motion that must be certified by the Sixth Circuit to contain: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. §2255; Rule 9, Rules Governing § 2255 Cases; *see also In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

On April 14, 2005, Petitioner filed this Motion to Correct Judgment claiming that this Court's March 9, 2005, Order was improper, and asked the Court to reduce his sentence under Fed. R. Crim. P. 36. "This is not an attempt by the defendant to circumvent the procedural limitations, rather a motion supported by the law and Federal Criminal Procedure Rule 36 which permits this Court at any time to correct a clerical error in its judgment." (Mot. to Correct Judgment at 1.)

## II.     Petitioner's Reliance on Rule 36 is Misplaced

Petitioner mistakenly relies on Fed. R. Crim P. 36 as a means for this Court to reduce his sentence of 120 months that was imposed almost seven years ago. Rule 36 states that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. This rule applies only to inadvertent clerical errors and cannot be used to reduce criminal sentences purposefully imposed by the court.[2]  *See United States v. Steen*, 55 F.3d 1022, 1025 (5th Cir. 1995); *United States v. Daddino*, 5 F.3d 262, 264-65 (7th Cir. 1993); *United States v. Odiodio*, No. 3:99-CR-236-D, 2002 WL 32765642 (N.D. Tex. Mar. 26, 2002). Therefore, Rule 36 cannot be relied upon to reduce Petitioner's sentence.

## III.    28 U.S.C § 2255 is Appropriate Here

28 U.S.C § 2255, on the other hand, is the appropriate medium for seeking reduction of Petitioner's sentence.[3] Section 2255 explicitly states that:

---

[2] Fed. R. Crim. P. 35, on the other hand, explicitly serves this purpose and states that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." However, Petitioner is clearly outside the seven day window imposed by this rule. Furthermore, 18 U.S.C. § 3582, states that "[t]he court may not modify a term of imprisonment once it has been imposed" except in a few limited circumstances, none of which apply here.

[3] However, it is worth noting that relief under section 2255 is available only for constitutional violations and not mere technical errors committed at sentencing. *See Grant v. United States*, 72 F.3d 503, 505-06 (6th Cir. 1996)("[N]onconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process."). Furthermore, Petitioner will face several hurdles under §2255. First, it appears that the one-year statute of limitations in which to file a § 2255 motion has expired. Second, any argument that Petitioner was sentenced unlawfully under *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531 (2004) and *United States v. Booker,* ___ U.S. ___, 125 S.Ct. 738 (2005) would fail because the Sixth Circuit has explicitly held that the new procedural rule set forth in *Blakely* and *Booker* does not apply retroactively to § 2255 cases on collateral review. *See Humphress v. United States,* 398 F.3d 855, 860-863 (6th Cir. 2005).

3

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

In summary, Petitioner had an opportunity to object to the length of his sentence under Fed. R. Crim P. 35 and on direct appeal. At this late date, his only option is a motion under 28 U.S.C. § 2255. Therefore, this Court's March 9, 2005, Order was correct in recharacterizing Petitioner's Motion as a Motion to Vacate under 28 U.S.C. § 2255 and was correct in transferring the Motion to the Sixth Circuit. Therefore,

IT IS ORDERED that this Motion to Correct Judgment (Criminal Docket No. 285) is DENIED.

Dated:  April 26, 2005                                /s/ Gordon J. Quist
                                                          GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE